**Abdul Wakil AMIRI, Appellant**

v.

**UNITED STATES of America and United States Department of Justice, Appellees.**

**No. 09–5290.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 13, 2010.

BEFORE: GINSBURG, BROWN, and GRIFFITH, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed July 28, 2009, be affirmed. Appellant's claims concern the actions of a judge in the Superior Court of the District of Columbia, but the District of Columbia is "an independent political entity," not a part of the federal government. *Cannon v. United States*, 645 F.2d 1128, 1137, n. 35 (D.C.Cir.1981); *see also Floyd v. District of Columbia*, 129 F.3d 152, 156 (D.C.Cir.1997); *Crosby–Bey v. District of Columbia*, 786 F.2d 1182, 1186 (D.C.Cir.1986). Moreover, sovereign immunity bars suits against the United States absent an unequivocal waiver. *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Appellant has not stated any claim for which there has been a waiver of sovereign immunity.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.